# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES STIFFLER a/k/a<br>CHARLIE STIFFLER,<br><br>Plaintiff,<br><br>v.<br><br>FRONTLINE ASSET<br>STRATEGIES, LLC,<br><br>Defendant. | CIVIL ACTION NO. 3:18-cv-01337<br><br>(SAPORITO, M.J.) |

## MEMORANDUM

This civil action is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The plaintiff claims that the defendant has used false, deceptive, or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, and failed to provide adequate notice of his consumer rights under the FDCPA, in violation of 15 U.S.C. § 1692g. In response, the defendant has asserted several affirmative defenses, including the two challenged by this motion. In its Sixth Affirmative Defense, the defendant interposes a statute of limitations defense, pursuant to 15 U.S.C. § 1692k(d). In its Eleventh Affirmative Defense, the defendant interposes a bona fide error defense, pursuant to 15 U.S.C. § 1692k(c).

The plaintiff has moved to strike both of these affirmative defenses as insufficient, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 8). Under this rule, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike generally are viewed with disfavor and rarely are granted." *Am. Standard Life & Accident Ins. Co. v. U.R.L., Inc.*, 701 F. Supp. 527, 531 (M.D. Pa. 1988). "Nevertheless, a motion to strike under Rule 12(f) is the 'primary procedure' for objecting to an insufficient affirmative defense." *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989). In this context, such motions "do serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *Id.*

This Court has recently considered the very same issues presented here under substantially identical circumstances. In a published decision, Judge Nealon entertained a substantially identical motion to strike a defendant's bona fide error and statute of limitations defenses in *Balon v. Enhanced Recover Company, Inc.*, 316 F.R.D. 96 (M.D. Pa. 2016).

The plaintiff has cited and discussed *Balon* extensively in his briefs. The defendant, however, has failed to address *Balon* at all.

Although it is not binding authority in this case, *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even the same judge in a different case."), we find the reasoning of *Balon* highly persuasive and the facts of that case to be on all fours with the case at bar.

In its entirety, the defendant's Eleventh Affirmative Defense states: "Plaintiff's claims are barred as against Frontline by 15 U.S.C. § 1692k(c)." (Doc. 6, at 10). In *Balon*, this Court found that a "bona fide error defense asserted pursuant to section 1692k(c) is subject to the heightened pleading standard of Rule 9(b)" of the Federal Rules of Civil Procedure. *Balon*, 316 F.R.D. at 103. "[T]o satisfy Rule 9(b), the party must plead the who, what, when, where and how: the first paragraph of any newspaper story." *Id.* (internal quotation marks omitted). Here, the defendant's Eleventh Affirmative Defense is clearly insufficient because it does not allege the "who, what, when, where and how" of the claimed bona fide error. *See id.* Therefore, the plaintiff's motion to strike the

defendant's bona fide error defense will be granted and the defense will be struck without prejudice.

In its entirety, the defendant's Sixth Affirmative Defense states: "Frontline is informed and believes and thereon alleges that the applicable statutes of limitation bar all claims for relief in the Complaint." (Doc. 6, at 10). Under § 1692k(d), an action under the FDCPA must be brought "within one year from the date when the violation occurs." 15 U.S.C. § 1692k(d). "In cases involving alleged violations of § 1692e, based upon letters sent to [the] consumer, the statute of limitations begins to run on the day the debt collector mails a letter allegedly containing information proscribed by the FDCPA." *Balon*, 316 F.R.D. at 105 (internal quotation marks omitted). In cases involving alleged violations of § 1692g, based upon letters sent to the consumer, the statute of limitations begins to run five days after the day the debt collector mailed its initial letter to the consumer in connection with the collection of a debt. *See Maloy v. Philips*, 64 F.3d 607, 608–09 (11th Cir. 1995); *Drumright v. Collection Recovery, Inc.*, 500 F. Supp. 1, 1–2 (M.D. Tenn. 1980); *see also* 15 U.S.C. § 1692g(a) ("Within five days after the initial communication with a consumer in connection with the collection

of any debt, a debt collector shall . . . send the consumer a written [validation] notice . . . .").

Here, the plaintiff has alleged that "[o]n or about August 17, 2017, Frontline caused to be mailed a letter addressed to Plaintiff." (Doc. 5 ¶ 18). The defendant has admitted this factual allegation. (Doc. 6 ¶ 18). Moreover, a copy of the letter, dated "08/17/2017," is attached to the amended complaint as an exhibit. (Doc. 5, at 14). It is undisputed that the plaintiff filed his original complaint in state court on June 1, 2018. (Doc. 1 ¶ 1; *see also id.* at 5). He filed an amended complaint in this court on July 27, 2018. (*See* Doc. 5). Thus, it is clear that the plaintiff timely filed his complaint prior to the expiration of the FDCPA's one-year statute of limitations, and that it is legally impossible for the statute of limitations to have passed. *See Balon*, 316 F.R.D. at 105. Therefore, the plaintiff's motion to strike the defendant's statute of limitations defense will be granted and the defense will be struck without prejudice.

An appropriate Order follows.

Dated: December __12__, 2018

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge