# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES STIFFLER a/k/a CHARLIE STIFFLER, | |
| Plaintiff, | CIVIL ACTION NO. 3:18-cv-01337 |
| v. | (SAPORITO, M.J.) |
| FRONTLINE ASSET STRATEGIES, LLC, | |
| Defendant. | |

## MEMORANDUM

This matter comes before the Court on the Plaintiff's Motion to Compel and for Sanctions (Doc. 40), filed pursuant to Rule 37(a) and (b) of the Federal Rules of Civil Procedure. Originally, the plaintiff sought an order compelling the defendant to answer a particular interrogatory and produce documents responsive to a particular request for production, plus an award of reasonable attorney fees incurred by the plaintiff as a result of the defendants' discovery nonfeasance. Since the motion was filed, the defendant has apparently complied with its discovery obligations, belatedly, but the plaintiff continues to request that the defendant be sanctioned with an award to the plaintiff of his reasonable attorney fees.

On August 22, 2018, the plaintiff served the defendant by mail with a set of written discovery requests. Interrogatory No. 11 requested that the defendant: "State your net worth for calendar years 2016, 2017 and 2018." Document Request No. 10 requested that the defendant produce: "Defendant's financial reports, financial statements and tax returns for calendar years 2016, 2017 and 2018, including but not limited to any Documents concerning the Defendant's net worth for each said year." Because these discovery requests were served by mail, the defendant's response was due on or before September 24, 2018. *See* Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3).

On September 28, 2019, having received no timely response to his interrogatories and requests for production,[1] the plaintiff contacted the Court to request a discovery conference. (Doc. 13.) The Court scheduled a telephonic conference on the discovery dispute and ordered the parties to continue to engage in good faith efforts to resolve the dispute in the

---

[1] The defendant did serve a response—albeit an untimely one—to the plaintiff's requests for admission on September 27, 2018. But the instant motion concerns only Interrogatory No. 11 and Document Request No. 10.

meantime. (Doc. 14.)

In lieu of proceeding with the scheduled discovery conference, the parties submitted a stipulation resolving the discovery dispute on October 18, 2019. (Doc. 23.) Later that same day, the Court entered an order approving the terms of the stipulation. (Doc. 24.) In relevant part, the stipulated order provided that responses to certain discovery requests not at issue here would be deferred, but that: "Defendant withdraws all objections to all other discovery that Plaintiff has served and will serve full and complete responses to that discovery, without further objection of any kind, by October 25, 2018." (*Id.* ¶ 2.)

On October 25, 2018, the defendant served its responses to the outstanding written discovery, together with a proposed confidentiality order. These responses are not in the record before us but, based on the materials that are, the defendant apparently asserted both new and previously withdrawn objections to the plaintiff's discovery requests, despite its stipulation that all objections had been withdrawn and no further objections would be raised. In addition, no documents were produced, with the defendant advising that documents would not be produced until the plaintiff executed the proposed confidentiality order.

(*See* Doc. 28; Doc. 28-3.)

On October 30, 2018, the plaintiff contacted the Court to request permission to file a formal Rule 37 motion to compel and for sanctions. (Doc. 28.) On November 8, 2018, the parties participated in a telephonic conference concerning the discovery dispute and the proposed confidentiality order. (Doc. 32.) The Court entered the confidentiality order requested by the defendant. (Doc. 33.) The Court also ordered the defendant to "provide to plaintiff all outstanding responses to requests for production of documents and answers to interrogatories on or before November 15, 2018." (Doc. 34.) During the discovery conference, the Court advised that, if the plaintiff was not satisfied with those responses, he could engage in formal discovery motion practice. (Doc. 32.)

That same day, Thursday, November 8, 2018, the defendant served its revised or amended written discovery responses. (Doc. 40-2.) In response to Interrogatory No. 11, the defendant answered with a *general* reference to its forthcoming document production: "Frontline refers Plaintiff to the documents produced in response to Plaintiff's Request for Documents."[2] (*Id.* at 10.) The defendant responded to Document Request

---

[2] *See generally* Fed. R. Civ. P. 33(d)(1) ("[T]he responding party may

- 4 -

No. 10 in substantially the same fashion: "Frontline refers Plaintiff to the documents produced herein." (*Id.* at 3.) The defendant provided the promised document production as an email attachment on Monday, November 12, 2018. (Doc. 40-3.) In that same email, counsel for the defendant provided an informal, unsworn representation with respect to the then-current net worth of the defendant, apparently in response to Interrogatory No. 11, which had requested the company's net worth for 2016, 2017, *and* 2018.[3]

On Wednesday, November 14, 2018, the plaintiff emailed the defendant to request supplementation of its discovery responses. In particular, the plaintiff complained that the defendant had failed to specify which documents produced were responsive to Document Request No. 10, and that it had failed to sufficiently respond to Interrogatory No. 11.[4] On Monday, November 19, 2018, the defendant responded by letter,

---

answer by . . . specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . .").

[3] *See generally* Fed. R. Civ. P. 33(b) (providing that interrogatories directed to a corporation must be answered by an "officer or agent" rather than counsel, and that answers must be "in writing under oath" and signed by "the person who makes the answers," rather than counsel).

[4] *See generally* Fed. R. Civ. P. 34(b)(2)(E) ("Unless otherwise stipulated or ordered by the court, . . . [a] party must produce documents

advising that it would not amend its discovery responses to identify responsive documents with any greater specificity, but it would supplement its answer to Interrogatory No. 11 "immediately with the appropriate documents." (Doc. 40-4, at 2.)

On December 5, 2018, the plaintiff emailed the defendant to inquire about the promised supplemental document production. (Doc. 44, at 6–7.) It is unclear from the record before us whether the defendant responded to this inquiry, but it did not at that time produce the promised documents or disclose the requested information.

On December 14, 2018, having received no further disclosure or production with respect to the defendant's net worth, the plaintiff filed the instant motion to compel and for sanctions. (Doc. 40; *see also* Doc. 41.) On December 15, 2018—thirty days after "all outstanding responses to requests for production of documents and answers to interrogatories" were due to be served—the defendant produced the responsive financial documents in its possession. (Doc. 44, at 7.)

On January 28, 2019, the defendant filed its brief in opposition to

---

as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request . . . .").

the motion to compel and for sanctions. (Doc. 44.) In addition to providing its own version of the events leading up to the plaintiff's motion to compel and for sanctions, arguing that it substantially complied with the October 18, 2018, stipulated order and that it was substantially justified in withholding discovery while it sought a confidentiality order, the defendants also argued against the imposition of sanctions based on the plaintiff's allegedly similarly untimely and defective responses to the defendant's discovery requests.[5]

On February 11, 2019, the plaintiff filed its reply brief. (Doc. 45.) The plaintiff noted that, since filing his motion, the requested information and documents had been produced. Nevertheless, the plaintiff argued that sanctions should be imposed. Specifically, the plaintiff requested an award of reasonable attorney fees pursuant to Rule 37(a) and (b).

Rule 37 of the Federal Rules of Civil Procedure provides the

---

[5] Based on the plaintiff's reply brief and attached exhibits, it is clear that his discovery responses were timely served. Moreover, the plaintiff's objections and substantive responses to the *defendant's* discovery requests is immaterial to *plaintiff's* motion to compel and for sanctions, and none of those objections or responses is actually before us, as the defendant has not filed a motion to compel, nor were any of the plaintiff's discovery responses submitted into the record before us.

enforcement mechanism for what generally are otherwise self-executing discovery procedures. Under Rule 37(a), a party seeking discovery may move for an order compelling the responding party to answer Rule 33 interrogatories or to produce documents responsive to a Rule 34 request for production. *See* Fed. R. Civ. P. 37(a). In addition, this rule provides that, if the requested discovery is provided *after* a Rule 37(a) motion is filed, we must require the responding party or its attorney to pay the movant's reasonable expenses incurred in making the motion, including attorney fees, unless the response or objection was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A).

Under Rule 37(b), a party that fails to obey an order compelling discovery pursuant to Rule 37(a) may be sanctioned for its failure or refusal to comply. *See* Fed. R. Civ. P. 37(b). In addition, this rule likewise provides that, instead of or in addition to other enumerated sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a Rule 37(a) order], unless the failure was substantially justified or other circumstances make an award

of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The plaintiff here has requested relief under both provisions because, at the time of filing, the defendant had failed to fully answer Interrogatory No. 11 or to produce the materials requested by Document Request No. 10, despite the issuance of two separate discovery orders by the Court.

With respect to the plaintiff's original written discovery requests, the defendant argues that its responses were timely served. As recounted above, however, the defendant miscalculated the due dates under the federal rules. It's tardy initial responses, however, are of no moment, because our two prior orders effectively granted the defendant an extension of time to cure its defective initial response to the plaintiff's written discovery—first until October 25, 2018, and then until November 15, 2018. Notwithstanding what was effectively a seven-week extension of time, the defendant still failed to fully answer Interrogatory No. 11 and produce materials responsive to Document Request No. 10 until thirty days later, on December 15, 2018.

The defendant argues that he "fully" complied with the stipulated discovery order entered on October 18, 2018, because he served written

responses to the plaintiff's discovery requests on October 25, 2018, and provided an informal, unsworn representation by counsel with respect to the defendant's *current* net worth. But these responses were not the "full and complete responses" required by that stipulated order. Despite expressly withdrawing all objections to the plaintiff's discovery requests when he entered into the stipulation, the defendant's discovery responses on October 25, 2018 once again interposed objections and failed to provide any substantive answer to Interrogatory No. 11, which requested net worth for calendar years 2016 and 2017 as well as 2018, or to produce any documents responsive to either Interrogatory No. 11 or Document Request No. 10. Nevertheless, the defendant was effectively relieved of this obligation by our second discovery order, entered on November 8, 2018, which provided him with additional time to cure his defective discovery responses.

The defendant does not argue that it substantially complied with the discovery order entered on November 8, 2018, which required it to provide "all outstanding responses" to the plaintiff's discovery requests on or before November 15, 2018. Instead, the defendant argues in cursory fashion that it's informal disclosure of its current, 2018 net worth was all

that it was required to disclose, and anything beyond that was "superfluous and burdensome," "a vexatious fishing expedition," and an "attempt to harass" the defendant. But the defendant expressly waived all objections to the plaintiff's interrogatories and document requests, including any objection that the requested discovery was irrelevant or unduly burdensome. Moreover, in putative class actions under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, such as this one, discovery into an alleged debt collector's net worth is both relevant and routinely granted. *See, e.g.*, *Aldaya v. Encore Capital Grp., Inc.*, Civil No. 15-00284 SOM-RLP, 2017 WL 11139922, at *2 (D. Hawaii Jan. 20, 2017) ("[I]t is clear that net worth is a relevant area of inquiry in FDCPA class actions even before a class has been certified. Courts routinely require disclosure of net worth in FDCPA cases prior to class certification.") (citation and internal quotation marks omitted); *Hallmark v. Cohen & Slamowitz, Midland Funding LLC*, 302 F.R.D. 295, 300 (W.D.N.Y. 2014) ("[I]n FDCPA class action cases seeking damages pursuant to § 1692K(a)(2)(B) courts permit discovery of a defendant's underlying financial data relevant to the issue of defendant's net worth."); *Muha v. Encore Receivable Mgmt., Inc.*, 236 F.R.D. 429, 430–31

(E.D. Wis. 2006) (rejecting objections that interrogatory into net worth was "irrelevant, immaterial, designed to harass and . . . not reasonably calculated to lead to discoverable evidence"); *cf. Fitzgerald Ne. Hosp. of Philadelphia*, 418 F. Supp. 1041, 1044 (E.D. Pa. 1976) ("The net worth of an ordinary business corporation or commercial business enterprise might be fairly easy to determine, at least for purposes of class action certification so that the potential class recovery could be approximated. . . . [T]o make an informed decision on certifying a Truth in Lending class action, some approximate determination of maximum recovery would have to be made, if for no other reason than to permit class members reasonable information upon which to decide whether to 'opt-out.'"). *See generally* 15 U.S.C. § 1692k(a)(2)(B) (capping class action damages at the lesser of $500,000 or 1% of a debt collector's net worth).[6]

The defendant did not object that responsive documents did not

---

[6] As noted above, the defendant also argues that its deficient discovery responses should be excused by the plaintiff's purportedly defective responses to the defendant's discovery requests, but any perceived defects in the plaintiff's discovery responses are simply immaterial to this motion. Even assuming arguendo that the plaintiff has failed to timely and adequately respond to the defendant's discovery requests, that conduct cannot constitute substantial justification for discovery misconduct by the defendant that occurred weeks or months before the plaintiff's responses were even served.

exist, *see, e.g.*, *Hallmark*, 302 F.R.D. at 299, or that compiling the information or locating responsive documents would be unduly burdensome. Instead, it waived all objections and repeatedly promised to produce any relevant information and documents, all the while failing to timely do so. By a narrow margin, we find that the defendant was substantially justified in withholding disclosure of sensitive financial information and documents until a confidentiality order was entered. But while that may excuse the defendant's discovery nonfeasance with respect to the plaintiff's written discovery requests and the stipulated discovery order entered on October 18, 2018, the defendant offers no credible or persuasive reason why it failed to provide full and complete disclosure of its 2016, 2017, and 2018 net worth, or why it failed to produce its financial reports, financial statements and tax returns for calendar years 2016, 2017, and 2018, until *thirty days* after the November 15, 2018, deadline by which it had been ordered to do so.[7] Indeed, in light of the defendant's express waiver of all objections, its

---

[7] We note, in particular, that the defendant did not seek an extension of time, nor has the defendant informed us, or their adversary, of any circumstances that caused them to take substantially longer to locate responsive documents and compile information for disclosure than they had been granted under our Order of November 8, 2018.

repeated and unfulfilled promises to provide discovery by a date certain, and the body of caselaw finding similar requests for information and documents to be relevant and discoverable, the defendant's conduct in this matter appears to have been dilatory, if not contumacious.

Accordingly, the plaintiff's motion will be granted in part and denied in part. The motion will be denied as moot to the extent it seeks to compel further disclosure by the defendant with respect to plaintiff's Interrogatory No. 11 or further production with respect to plaintiff's Document Request No. 10. Having found that the defendant was substantially justified in withholding disclosure or production of documents until the entry of a confidentiality order, the motion will be further denied with respect to the request for reasonable attorney fees incurred on or before November 15, 2018. But, having found that the defendant provided the requested discovery to the plaintiff on December 15, 2018—the day after the motion was filed, and thirty days after the deadline by which it had been ordered to do so—the motion will be granted with respect to the request for reasonable attorney fees incurred after November 15, 2018.

An appropriate Order follows.

Dated: June 26, 2019	***s/ Joseph F. Saporito, Jr.***
	JOSEPH F. SAPORITO, JR.
	United States Magistrate Judge